## Josiah Pratt & others *vs.* Nathaniel Lamson & others.

If, in a suit in equity, an issue has been framed for the trial of the questions of fact involved, and the cause has thereupon been submitted to a commissioner under an order of court that he should hear the parties and their evidence upon the issue, and find and report the facts, and assess the plaintiffs' damages if he should find that they were entitled to recover any, and state and report any controverted questions of law raised and relied upon by either party, provided he should deem that they were involved in or affected his findings, a report, which finds for the defendants, and simply states the general facts established by the evidence, and reports no questions of law, but states that some of the propositions of law submitted to him were not involved in the issue, and that none of them controlled or determined his finding, is proper in form and in accordance with the spirit of the submission; and if the parties have agreed in writing, at the time of the submission, that the report of the commissioner shall not preclude either party from a trial by jury, if claimed, but that this memorandum shall not be taken as an absolute agreement for such trial at the mere request of either party, unless the court shall deem it reasonable and of importance to the rights of the parties, the report should be treated as final and conclusive, unless the court in its discretion should see fit to order a trial by jury.

If the owners of a privilege in surplus water bring a bill in equity praying for relief by injunction and otherwise for the disturbance of it by the owners of the prior privileges, the burden of proof is on the plaintiffs to show that their rights have been invaded, although, since they acquired their privilege, the defendants have lawfully changed the places and manner of using the water to which they are entitled in priority to the plaintiffs.

The presumption is, in the absence of anything to show the contrary, that a commissioner

to whom an issue framed in a suit in equity has been submitted, has correctly applied the principles of law to the facts in proof, and has come to a correct decision upon the subordinate questions of fact involved in his general finding.

If, in a suit in equity, praying relief by injunction and otherwise for the disturbance of a water privilege, it appears that the defendants have not encroached upon the plaintiffs' rights and have not threatened to do so, the bill will not be further retained for the purpose of enabling the plaintiffs hereafter to apply for an injunction, or of aiding them in securing the identity of their right, or of ascertaining the limits and extent of it, unless special and sufficient reasons therefor are shown.

BILL IN EQUITY, praying relief by injunction and otherwise for the disturbance of the plaintiffs' water privilege at Shelburne Falls.

After the decision reported in 2 Allen, 275, where the pleadings and general facts which are material are set forth, the following issue of fact was framed, to be submitted to a jury:

"Did the defendants, without the consent or permission of the plaintiffs, during any part of the time within six years next preceding the date of the bill, use the water of the stream in such quantities, or use, divert or obstruct it in such manner, that the quantity of surplus water flowing over the grist-mill flume, which the plaintiffs had a right to take and receive there, was less in quantity or less favorable to the plaintiffs in the regularity of its flow and discharge there, than it would have been if the riparian proprietor on the south bank of the river had used one half of the whole quantity of water in the stream, and all the shops and works that existed on the north side of the river at the date of Crittenden's deed to Pratt had been continued as they then existed, and their respective proprietors had first been supplied with the water at all seasons of the year, to which they were severally entitled?"

Instead, however, of submitting this issue to a jury, it was afterwards ordered that the cause be committed to Henry Vose, as commissioner, "to hear the parties and their evidence upon the issue that has been framed in the case, and find and report to this court the facts, and also assess the plaintiffs' damages, in case he shall find such facts as entitle the plaintiffs to recover damages. Said commissioner is also to state and report to this court any controverted questions of law, raised and relied upon by either party, provided that he shall deem that such questions

of law are involved in or affect the findings so made by him, or his assessment of damages; and in such case he shall make his findings, and assessment of the damages, in the alternative, if practicable, so that a final decree may be entered," &c.

At the same time, the following agreement was entered into by the parties : " It is agreed that the report of the commissioner, as hereinbefore ordered, shall not preclude either party from a trial by jury, if, upon return of the report, and before the hearing upon the questions of law that may be raised, such party shall notify the other that he shall claim such trial; in which case, the trial by jury shall be of the whole issue, or of any subordinate questions of fact, as the court shall direct. Upon such trial, the report of the commissioner so made shall have the force and effect only of an auditor's report, in civil actions at law. This memorandum is not to be taken as an absolute agreement for a jury trial at the mere request of either party, unless the court, upon a hearing for further directions, shall deem such trial to be reasonable, and of importance to the rights of the parties."

Judge Vose in his report, which was filed in September 1862, stated the general facts established by the evidence, and found, following the language of the issue, that the defendants did not use the water as therein mentioned. He also added that " the counsel for both parties submitted to the commissioner sundry propositions of law, as applicable to different portions of the evidence in its bearings upon their several rights; but as, in the judgment of the commissioner, some of these propositions were not involved in the issue submitted to him, and none of them controlled or determined his finding under the evidence in this case, he has not stated or reported them."

The plaintiffs thereupon moved that the cause should be submitted to a jury; but, at a hearing before *Merrick*, J., this motion was denied, and judgment was ordered for the defendants. The plaintiffs appealed to the full court.

*J. Wells*, for the plaintiffs. Under the issue, the whole burden of proof was improperly imposed on the plaintiffs, although the defendants have so changed their works and applied the water

used in priority to the plaintiffs to new purposes as to deprive the plaintiffs of all proper means of ascertaining their measure, or comparing it with the present use. The finding is not in accordance with the spirit and purpose of the order of submission, because it does not state the subordinate propositions of law and fact which were necessarily involved in the controversy. The plaintiffs stated various propositions, in reference to new and additional and more regular and exhausting uses of water, and the size and number of gates in the old grist-mill and saw-mill, the comparative amount of waste and leakages of water, and the recent improved methods of using it, which were certainly involved in and important to the decision of the issue; and the plaintiffs were entitled to have them stated, with the facts which the evidence proved relative thereto. The gates under the new grist-mill are so placed as to be out of view, and beyond the plaintiffs' reach or control; and they are calculated and intended to discharge water in a manner liable to injure the plaintiffs. This apprehended and probable injury, and the difficulty of obtaining redress for injuries actually suffered, are proper grounds for the interference of this court. *Bardwell* v. *Ames,* 22 Pick. 333, 369. *Bemis* v. *Upham,* 13 Pick. 169. Aside from all questions of past injury, the plaintiffs are entitled to the aid of this court in securing to them the identity of their right, or in ascertaining its limit and extent, and the mode in which they may be secured in its enjoyment. 2 Story on Eq. §§ 925–927. *Belknap* v. *Trimble,* 3 Paige, 577.

*G. T. Davis & C. Allen,* for the defendants.

MERRICK, J. This cause now comes before us by appeal of the plaintiffs from the final decree, made at the last April term, held by a single justice, that judgment be entered for the defendants on the report of the commissioner. Gen. Sts. *c.* 113, § 8. From the papers accompanying the claim of appeal, it appears that after an issue involving all questions of fact in controversy between the parties had been duly framed and prepared, under and in conformity to the direction of the court, the cause was, with their consent, committed to Henry Vose, Esq., as commissioner, who was to hear the parties and their evidence

upon the issue, to find and report the facts, to assess the damages for the plaintiffs, if they should be found entitled to recover, and to state and report any controverted questions of law which should be raised and relied upon by either party, if deemed by him to be involved in or to have affected any of his findings. It was at the same time agreed by the parties, for such upon a just interpretation of the provisions contained in the written memorandum signed by them and filed in the case is its manifest import and meaning, that when the report of the commissioner should be made, either of them, upon notifying the other of his intention to claim such course of proceedings, should be entitled to a trial by jury of the whole issue, or of any subordinate question of fact, if the court, upon hearing the parties in reference to giving any further directions in the case, should deem such trial to be reasonable and of importance to the protection of their respective rights.

Under this order of the court and the agreement of the parties connected with it, there can be no doubt in relation either to the power conferred or the duty imposed upon the commissioner. He was to find and report the facts involved in the issue. He was not to report any part of the evidence laid before him, but only the facts which he should find to be satisfactorily proved and established. And he was to state and report only such questions of law raised and relied on by the parties as he should deem to be involved in or to have affected any of his findings. And it is equally clear and certain that his report, when duly made and returned, was to be, in relation to all the matters committed to him, final and conclusive upon the parties, unless the court, upon a further hearing, should be satisfied, and should accordingly adjudge, that a trial by jury was, under the circumstances, a reasonable course of proceeding or materially important to secure or maintain the rights of either of them.

The service with which the commissioner was charged and intrusted has been performed, and his report duly and seasonably returned into court. It is now before us. In recurring to it, it appears that he passed upon and found all the facts involved in the issue. He has reported no questions of law

because, as he expressly states and declares, although each of the parties submitted to him sundry propositions of law as applicable to different portions of the evidence in its bearing upon their several rights, in his judgment some were not involved in the issue, and none of them controlled or determined his finding under the evidence submitted to him.

It was determined, when this case was before us upon the former report, that the plaintiffs have acquired a title only to the right and privilege of taking to their own use a quantity of water equivalent to two hundred square inches under a fourteen foot head, from that proportion of the whole stream which shall be left to flow over the top of the grist-mill flume, after all those who have rights and privileges prior in right to them shall have taken and applied to their own use all the water to which they are respectively entitled; and that if the defendants, who had become the proprietors of all those prior rights, which were particularly enumerated and defined, had taken no more water than they were thus entitled to take, they had done no wrong or injury to the plaintiffs, nor any act of which the plaintiffs had any right to complain, whatever may have been the diminution caused thereby of the quantity of water flowing over the grist-mill flume. *Pratt* v. *Lamson*, 2 Allen, 275. These being the rights of the respective parties, it is an obvious and necessary result from the finding and determination of the commissioner as stated in his report that the plaintiffs' bill cannot be maintained. They allege, in substance, as their cause of action, that the defendants had wrongfully so used, diverted or obstructed the water in the stream; that the proportion of it which was left to flow over the top of the grist-mill flume was less in quantity and less favorable in the steadiness and regularity of its flow and discharge there, than what they the plaintiffs were justly entitled to have and take at that place. But the finding of the commissioner expressly negatives all these allegations, and his report shows that the defendants had done none of the unlawful acts, and committed none of the injuries complained of. It thus distinctly appears that the plaintiffs failed to prove their allegations, or to show that they had any cause of action, and

therefore that the defendants were entitled as of right to a decree that judgment should be entered in their behalf.

But the plaintiffs contend that the report of the commissioner does not warrant the dismissal of the bill, and they have urged various considerations upon our attention in support of their objections. They insist that the finding of the commissioner is not in accordance with the spirit and purpose of the order of submission ; that, considered in connection with the accompanying memorandum of agreement between the parties, it required him to state for the final action of this court the subordinate propositions of law and fact which were necessarily involved in the controversy, and upon which the final decision of it must rest. This objection appears to us to be founded upon a manifest misconception of the signification and import of the order under which the cause was committed to the commissioner. So far from being required by it to report any subordinate questions of law or fact for the final action of this court thereon, it was without any qualification whatever made his absolute duty, after hearing the parties and the evidence respectively produced by them, to report the facts involved in the issue, and to state and report those questions of law only which he should himself judge to be proper and suitable to be reported in pursuance of the terms of the order under which he acted. It is not difficult to understand the reason, object, and purpose of the court in making, or of the parties in consenting to, the order. The issue to be tried was framed in perfectly clear and intelligible terms, but as it was foreseen that the just determination of the questions involved in it would require a patient and protracted investigation, that it would probably be necessary to make a careful and minute examination of the stream, the buildings, mills and works of the parties, and that the evidence to be produced by them might be derived from various sources and be very complicated, and perhaps conflicting in its character, it was believed that the duty could be better performed, and with more certainty that an accurate result would be attained, by an intelligent and competent commissioner than by a jury. The order was therefore made and

adopted, for the purpose of substituting a commissioner in the place of a jury, that the investigation of the matters in issue might thereby be thorough and complete, and with the intention that his determination should be no less effectual and conclusive than any verdict which could be rendered. We think, therefore, that the finding of the commissioner as reported by him is in strict and exact accordance with the spirit and purpose of the order of submission.

Nor can we find in reference to any of the particulars specified by the plaintiffs in support of their objections that there was any irregularity or omission to observe the rules of law, in any part of the proceedings of the commissioner. There is absolutely nothing before us to show that the burden of proof in reference to any question was improperly imposed by him upon the plaintiffs. They alleged as their cause of action that the defendants had unlawfully deprived them of water, to the use of which they were entitled. As to this allegation the burden of proof was certainly upon them, and they were not relieved from it because the defendants, in the exercise of a prior right, had lawfully appropriated portions of the stream to which they were entitled to objects and uses different from those to which it was formerly applied.

It does not appear that the commissioner assumed or adjudged that the size and number of the gates in the old grist-mill or saw-mill were the measure of the right reserved for those buildings in the deed of Crittenden to Josiah Pratt. The evidence concerning the existence and use of those wheels was certainly competent upon the question, and may perhaps in connection with other evidence have been sufficient to show exactly what the reserved right was. We discover nothing having any tendency to show that the ruling or determination of the commissioner upon this subject was not perfectly correct.

The rights which the plaintiffs acquired under the conveyance from Crittenden to Josiah Pratt are fully defined in the opinion given in stating the determination of the court upon the questions arising in this case upon the former report, above referred to. And nothing is found now to show that the commissioner

Pratt & others *v.* Lamson & others.

came to any decision concerning the leakages in the dam which the defendants may have stopped, or the waste of water which they may have prevented, or the improvements which they have made in the mode of using or applying water power, or in the construction of wheels or otherwise, which had any tendency to affect or to deprive the plaintiffs of any part of their rights as defined and established in the decision above mentioned. In the absence of any proof or manifestation of such error, it is certainly to be presumed that none such occurred.

The defendants have an undoubted right to use the water in operating their new grist-mill or any other works which they have established upon the banks of the stream, if in so doing they do not in any degree diminish the quantity or interrupt or disturb the regularity of the flow of water to which the plaintiffs are entitled, or in any way injure or obstruct them in the enjoyment of their rights.

And this having been distinctly found and reported by the commissioner, and the defendants having expressly disclaimed all purpose or intention of using the water of the stream in any greater quantity or in any other manner than that to which they are legally entitled, and there being no proof that they have ever manifested any design or purpose to encroach upon the rights of the plaintiffs, there is no reason why this cause should be further continued for the purpose of enabling the plaintiffs to apply for an injunction against such encroachment or injury.

And finally the plaintiffs claim that, aside from all questions of past injury, they are entitled to the aid of this court in securing to them the identity of their right, or in ascertaining the limit and extent of the right, and the mode in which they shall be secured in its enjoyment. There is no cause shown why they should be allowed to insist upon such claim. Nor, if the court had authority to allow and enforce it, do any facts or circumstances appear which should induce the exercise of such authority. Their right is clearly and fully defined and established. The defendants do not deny or contest it. They have failed to maintain their action for an alleged invasion of it. Owing to the terms in which their right is described in the deed under which their title

is acquired, they may perhaps have some difficulty in collecting together the proofs which may be necessary to show an actual interruption or invasion of it. But that affords no reason why the court should attempt by a decree to make a new specification of their right under which, if an injury to it should occur, they may with less trouble to themselves establish the fact and obtain a remedy for the wrong committed.

Upon examination of all the objections made, and of all the suggestions presented to our consideration by the counsel for the plaintiffs, it appears to us that it would not be reasonable to grant a new trial or to order any further proceedings in the case, and that no further proceedings are of importance to protect or secure to the parties their respective rights. A full and fair trial has been had before an officer of indisputable ability and admitted integrity, appointed by the court upon the selection of the parties to the suit. He has found upon all the questions of fact involved in the issue adversely to the plaintiffs. No valid objection is made to his report. Justice therefore requires that the decree ordering that judgment be entered for the defendants should be affirmed.

*Judgment affirmed and bill dismissed.*